**INTAKE**
EC JUN 22 2018

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE WOOD**

RECEIVED
JUN 21 2018
MICHAEL T. MASON
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

UNITED STATES OF AMERICA

v.

HUAZHI HAN

No. **MAGISTRATE JUDGE VALDEZ**

Violations: Title 18, United States Code, Sections 1956(a)(1)(B)(i), 1956(h), 1960(a)

**COUNT ONE**    **18CR 388**

The SPECIAL DECEMBER 2017 GRAND JURY charges:

1. Beginning no later than in or about July 2017 and continuing until at least on or about November 10, 2017, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

HUAZHI HAN,

defendant herein, did conspire with Individuals A and B and others known and unknown to the Grand Jury, to commit an offense in violation of Title 18, United States Code, Section 1956, namely, to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which transaction involved the proceeds of a specified unlawful activity, namely, the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented

**FILED**
EC JUN 21 2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

2. It was part of the conspiracy that, from no later than in or about July 2017 to at least on or about November 10, 2017, Individual A was a member of a Mexico-based money laundering organization ("MLO") that was responsible for transporting, transmitting, and transferring large amounts of United States currency derived from the buying and selling of controlled substances ("narcotics proceeds") from the United States to Mexico.

3. It was further part of the conspiracy that Individual A instructed, or caused others to instruct, HAN, a Chicago-based member of the MLO, to collect large amounts of narcotics proceeds from another U.S.-based member of the MLO, Individual B. HAN agreed to collect these proceeds from Individual B, knowing that the property involved in these deliveries represented the proceeds of some form of unlawful activity.

4. It was further part of the conspiracy that Individual A advised, or caused others to advise, HAN to use code names and code words when arranging covert collections of narcotics proceeds.

5. It was further part of the conspiracy that HAN, prior to collecting the narcotics proceeds, gave, or caused others to give, Individual A particular phone numbers and serial numbers from United States currency dollar bills, instructed Individual A to have Individual B contact HAN at those particular phone numbers, directed Individual A to give those serial numbers to the individual responsible for

delivering the narcotics proceeds (Individual B), and advised Individual A that HAN would give a dollar bill bearing one of those serial numbers to the individual responsible for delivering the narcotics proceeds after each delivery as a receipt confirming that HAN had taken possession of the money.

6. It was further part of the conspiracy that HAN spoke to Individual B by telephone to arrange the collection of narcotics proceeds. During these calls, HAN and Individual B used and responded to the same code words and code names that HAN had previously provided to Individual A.

7. It was further part of the conspiracy that HAN collected the narcotics proceeds from Individual B in a covert manner at parking lots, streets, and other locations in the Northern District of Illinois, knowing that the property involved in the deliveries represented the proceeds of some form of unlawful activity. The narcotics proceeds were generally transferred in increments well exceeding $100,000.

8. It was further part of the conspiracy that HAN used the narcotics proceeds that he collected from Individual B to purchase electronic goods. HAN used the narcotics proceeds to purchase electronic goods to conceal and disguise the nature, location, source, ownership, and control of the drug proceeds.

9. It was further part of the conspiracy that HAN sold the electronic goods he purchased to others, thereby concealing and disguising the nature, location, source, ownership, and control of the narcotics proceeds.

10. It was further part of the conspiracy that HAN wire transferred the proceeds from the sale of the electronic goods to various bank accounts, as directed

by a member of the MLO, thereby facilitating the transfer of narcotics proceeds earned from the sale of narcotics in the United States to members of the MLO.

All in violation of Title 18, United States Code, Sections 1956(h) and 2.

## COUNT TWO

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

On or about November 10, 2017, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

HUAZHI HAN,

defendant herein, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, namely, the receipt of at least $100,000 in United States currency, which involved the proceeds of a specified unlawful activity, namely, the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT THREE

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

Beginning no later than in or about January 2016 and continuing until in or about December 2017, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

HUAZHI HAN,

defendant herein, did knowingly conduct, control, manage, supervise, direct, and own all or part of an unlicensed money transmitting business affecting interstate and foreign commerce which was operated without a license from the State of Illinois, such operation constituting a felony under Illinois State law, 205 Ill. Comp. Stat. 657/90(h);

In violation of Title 18, United States Code, Section 1960(a).

## Forfeiture Allegation

The SPECIAL DECEMBER 2017 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Sections 1956 and 1960, as set forth in this Indictment, defendant shall forfeit to the United States of America any property involved in such offense, and any property traceable to such property, as provided in Title 18, United States Code, Section 982(a)(1).

2. The property to be forfeited includes, but is not limited to:

   a. the following specific property:

      i. a black Smith and Wesson M&P 9 Shield 9mm semi-automatic handgun, bearing serial number LDE3555, and associated ammunition;

      ii. a Heckler and Koch VP9 9mm pistol, bearing serial number 224-168711, and associated ammunition;

      iii. a Beretta USA Corp92FS 9mm pistol, bearing serial number 729506, and associated ammunition;

      iv. a Remington Arms Company, Inc. 870 Super Mag 12 gauge shotgun, bearing serial number CC01092C, and associated ammunition;

      v. funds in the amount of approximately $1,487,673;

      vi. a 2016 Mercedes Benz GLE 350 4Matic, bearing VIN # 4JGDA5HB8GA751557;

      vii. an Acer laptop computer, bearing serial number NXMNDAA01350900BAC7600;

     viii. a rose gold iPhone 6S assigned IMEI: 353285075854968; and

      ix. a gold iPhone 6 assigned IMEI: 354392065828314.

3. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code, Section 853(p).

                                          A TRUE BILL:

                                          _____

                                          FOREPERSON

_____
UNITED STATES ATTORNEY