UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HUAZHI HAN | No. 18 CR 388<br><br>Judge Andrea R. Wood |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S CONSOLIDATED MOTIONS IN LIMINE

The UNITED STATES OF AMERICA, by JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully submits the following response to defendant Huazhi Han's motions *in limine* (R. 181).

### FACTUAL BACKGROUND

As discussed in greater detail in the government's *Santiago* proffer and consolidated motions *in limine* (R. 181), between July 2017 and June 2018, defendant obtained hundreds of thousands of dollars of cash from drug traffickers in the Chicago area, which defendant used for his electronics business, and which funds were ultimately transmitted back to drug traffickers in Mexico. During the course of the investigation, law enforcement officials seized nearly $1.3 million in cash from defendant's basement, On two occasions, defendant received funds from cooperating witnesses (Individuals B and C in the second superseding indictment) and was arrested by law enforcement officials. After the second arrest, defendant waived his *Miranda* rights and told law enforcement officials: "I'm fucked, so fucked, just kill me, just finish me off" and "I'm screwed, it's over."

1

# ARGUMENT[1]

At trial, it will be the government's burden to prove, beyond a reasonable doubt, that defendant knowingly conspired to launder proceeds derived from illegal activity, participated in financial transactions with funds derived from and believed to be derived from illegal activity, and operated an unlicensed money transmitting business. To satisfy its burden, the government will rely on, among other things, cooperator testimony, evidence of large cash seizures from defendant's vehicles and residence, the seizure of firearms from defendant, and defendant's own words as spoken to cooperators and law enforcement officials.

## A. Defendant's Post-Arrest Statements on June 4, 2018 are Admissible Admissions by a Party Opponent and Probative of His Consciousness of Guilt and Knowledge

Upon his second arrest by law enforcement officials in this investigation, defendant did not insist that his business was legitimate; nor did defendant tell the agents that they had the wrong guy. Defendant instead told the law enforcement officials: "I'm fucked, so fucked, just kill me, just finish me off" and "I'm screwed, it's over." Defendant also told them that he continued to do money pickups to make up for the money that he had lost in November 2017.

---

[1] The government does not oppose defendant's second motion *in limine*. To the extent defendant's third motion *in limine* does not preclude the government from preparing witnesses who have not yet testified or communicating with witnesses throughout the course of the trial about scheduling, the government does not oppose defendant's third motion *in limine*.

These statements are admissible non-hearsay evidence as admissions by a party opponent under Federal Rule of Evidence 801(d)(2)(A). A defendant's "own out-of-court admissions . . . surmount all objections based on the hearsay rule . . . and [are] admissible for whatever inferences the trial judge [can] reasonably draw." *United States v. Matlock,* 415 U.S. 164, 172 (1974).

Defendant argues that his post-arrest statements on June 4, 2018 constituted an "emotional outburst" that was "not reflective of guilt." Def.'s Mot. at 1. The Seventh Circuit has rejected this rationale for the exclusion of a party opponent's statement. In *United States v. McGee*, 189 F.3d 626, 631-32 (7th Cir. 1999), the court affirmed the district court's admission of statements by the defendant under Rule 801(d)(2) and observed that there is no "requirement that admissions by a party-opponent be inculpatory in order to be admissible as nonhearsay under Rule 801." Rather, "the statements need neither be incriminating, inculpatory, against interest, nor otherwise inherently damaging to the declarant's case. Rule 801(d)(2)(A) simply admits those statements made by one party, but offered as evidence by the opposing party." *United States v. Reed*, 227 F.3d 763, 770 (7th Cir. 2000).

The statements are also relevant under Federal Rule of Evidence 401. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Here, on June 4, 2018, defendant was arrested in possession of approximately $192,000 in lookalike currency and a loaded firearm after meeting with a cooperating witness (Individual

C) and accepting what was represented to be drug proceeds. It was the second time that defendant had encountered the DEA in eight months. Defendant's statements are highly probative of his consciousness of guilt upon being confronted by law enforcement and his knowledge of the type of people that he was dealing with – narcotics traffickers and money launderers – and the nature of the money he was receiving – narcotics proceeds.

Moreover, to the extent defendant intends to assert any "good faith" defense, i.e., that he believed he was engaged in legitimate business – a defense defendant has suggested through his proposed jury instructions – defendant's post-arrest statements on June 4, 2018 belie such a defense.

### B. Defendant's Post-Arrest Statements on June 4, 2018 Should Not Be Excluded Under Federal Rule of Evidence 403

The government concedes that defendant's admissions to the law enforcement officials upon his request constitute powerful evidence. However, as the Seventh Circuit has held "[i]t is axiomatic that all relevant evidence bearing on the guilt of the defendant is inherently prejudicial." *United States v. Jackson,* 886 F.2d 838, 847 (7th Cir. 1989). Of course, "most relevant evidence is, by its very nature, prejudicial . . . evidence must be *unfairly* prejudicial to be excluded." *United States v. Thomas*, 321 F.3d 627, 630 (7th Cir. 2003) (internal quotation marks omitted) (emphasis in original). "Unfair prejudice 'does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis.'" *United States v. Gibbs*, 182

F.3d 408, 430 (6th Cir. 1999) (quoting *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993)).

The government expects that defendant's knowledge of the people with whom he was doing business and the illegality of the funds he was picking up and using as part of his business will be a critical issue at trial. Defendant's admissions thus reflect his consciousness of guilt and awareness of the illegality of his conduct. Courts regularly admit such highly probative evidence despite objections under Rule 403. In *United States v. Penaloza*, 648 F.3d 539, 546-47 (7th Cir. 2011), the court affirmed the district court's admission of DEA agent testimony regarding a defendant's post-arrest statement under Rule 801(d)(2)(A). In doing so, the Seventh Circuit dismissed the defendant's objection that such evidence was unduly prejudicial. *Id.* at 547; *see also United States v. Melton*, 75 F. App'x 539, 543-44 (7th Cir. 2003) (finding that the district court properly admitted the defendant's post-arrest statement where evidence was "highly probative" of key issue at trial); *United States v. Yarns*, 811 F.2d 454, 456 (8th Cir. 1987) ("Of course these admissions may have been very damaging to [the defendant's] defense, but this prejudice would only be the consequence of the high probative value of the admissions and would not have required exclusion under Rule 403 in these circumstances.").

Here, defendant will be able to cross-examine the agents present for the admissions regarding the circumstances of the statements, and, if he chooses, testify or argue about how they should be interpreted by the jury.

**CONCLUSION**

The government respectfully requests that this Court deny defendant's first motion *in limine*.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:   */s/ Richard M. Rothblatt*
RICHARD M. ROTHBLATT
ALEXANDRA MORGAN
Assistant United States Attorneys
United States Attorney's Office
219 South Dearborn Street
Chicago, Illinois 60604
Dated: January 29, 2022      (312) 353-5300