IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HUAZHI HAN | No. 18 CR 388<br><br>Judge Andrea R. Wood |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. Certain information related to a cooperating witness, including the witness' real name and information provided by the Department of Homeland Security, Homeland Security Investigations, including payment history information, provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case will be disclosed to defendant by letter (collectively, "the material") and is subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendant and defendant's counsel shall not disclose the material or its contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure

(collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the material as necessary to prepare the defense but may not retain copies without prior permission of the Court. The material and its contents shall not be disclosed either directly or indirectly to any person or entity outside of the United States without prior authorization from the Court.

3. The material may not be disclosed to any persons other than defendant, counsel for defendant, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains, without prior notice to the government and authorization from the Court. Absent prior permission from the Court, the material shall not be included in any public filing with the Court, and instead shall be submitted under seal (except if the defendant chooses to include in a public document sensitive information relating solely and directly to the defendant.

4. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the material except in order to provide copies of the material for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

5. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the material, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

6. Before providing the material to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

7. Upon conclusion of all stages of this case, all of the material and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The material may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the material is retained by defense counsel, the restrictions of this Order continue in effect for as long as the material is so maintained, and the material may not be disseminated or used in connection with any other matter without further order of the Court.

8. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as described in Paragraph 3, above, shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

9.  Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

*[signature]*

ANDREA R. WOOD
District Court Judge
United States District Court
Northern District of Illinois

Date: February 16, 2022

4